AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

**UNITED STATES OF AMERICA**

v.

**LATOYA BRIDGEFORTH**

**AMENDED CRIMINAL COMPLAINT**

**CASE NUMBER:**

**(Name and Address of Defendant)**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **September 10, 2007** in **WASHINGTON** county, in the _____ District of **COLUMBIA** defendants did, (Track Statutory Language of Offense)

by means and use of an instrument of commerce, that is, the telephone, willfully made a threat, or maliciously conveyed false information knowing the same to be false, concerning an attempt or alleged attempt being made or to be made to unlawfully damage or destroy a building located at 80 M Street, S.E., Washington, D.C., by means of fire or an explosive.

in violation of Title **18** United States Code, Section(s) **844(e)**.

I further state that I am **INSPECTOR MICHAEL ROSSI**, and that this complaint is based on the following facts:

**SEE ATTACHED STATEMENT OF FACTS**

**Continued on the attached sheet and made a part hereof:**   ☒ Yes   ☐ No

Signature of Complainant
**INSPECTOR MICHAEL ROSSI**
**UNITED STATES MARSHAL SERVICE**

Sworn to before me and subscribed in my presence,

_____   at   **Washington, D.C.**_____
Date                                              City and State

_____         _____
Name & Title of Judicial Officer                Signature of Judicial Officer

**STATEMENT OF FACTS**

On September 12, 2007, members of the the Federal Bureau of Investigation (FBI) Joint Terrorism Task Force (JTTF) were notified by the District of Columbia Metropolitan Police Department (MPD) that tenants within the office building located at 80 M Street S.E., Washington D.C. had received numerous bomb threats. The office building is a privately owned commercial building with several defense and homeland security- related government contractors among its tenants. Further investigation revealed that beginning on September 10, 2007, the manager of the office building, Piedmont Office Realty Trust, had received similar threatening calls. Subsequently, many similar threatening calls were received by building management and two other tenants in the building, CACI and BAE Systems, from approximately September 12, 2007 until approximately October 18, 2007.

On September 10, 2007, two threatening phone calls were received on Piedmont's main phone line, (202) 454-5860 at approximately 10:45 a.m. and 10:51 a.m. The first call was received by witness 1, and the caller asked to speak with building security. Witness 1 forwarded the call to witness 2. Witness 2 reported that the caller stated that there was a bomb in the building, and hung up. Both witness 1 and witness 2 identified the caller as a female attempting to disguise her voice. The second call was received by witness 1. The caller stated that "My wife left me, I'm going to bomb the building." Again, witness 1 identified the caller as a female attempting to disguise her voice. As a result of these calls, the office building was evacuated and cleared by law enforcement numerous times. No explosives were located in the office building.

Phone records subpoenaed at my direction reveal that phone calls were made from a cell phone with the number (202) 538-6003 ("the cell phone") to Piedmont's main phone line, (202) 454-5860, at 10:45 a.m. and 10:53 a.m. on September 10, 2007 – at approximately the same time the threats were received. Phone records subpoenaed at my direction revealed that the listed subscriber for the cell phone is the law firm of WilmerHale, located at 2445 M Street, NW, Washington, DC. I interviewed numerous persons of authority at WilmerHale regarding the whereabouts of the cell phone. These individuals informed me that WilmerHale cannot account for its whereabouts. The cell phone was never assigned to a specific individual at the firm. WilmerHale has continued to pay the bill associated with the cell phone.

Defendant Latoya Bridgeforth worked as a receptionist at L3 Communications, a tenant at 80 M Street, S.E., during the period from September 10 to October 19, 2007. Ms. Bridgeforth provided the cell phone as her contact number when she began working for L3 Communications. On October 19, 2007, the defendant was arrested on a bench warrant for a misdemeanor case in District of Columbia Superior Court. A search incident to arrest revealed that the defendant was in possession of the cell phone.

After her arrest, the defendant was read her <u>Miranda</u> rights and provided a statement in which she admitted to making numerous bomb threats directed at 80 M Street, SE. More specifically, she stated that regarding her first such call, she decided to call the security desk, but instead reached building management. On that call, she admitted stating that there was a bomb in the building and hanging up. She stated that she made the threats because she was bored at work. She also admitted to making numerous other threats to CACI and BAE Systems.

On at least one occasion after September 12, 2007, the threatening caller's voice was tape recorded by tenants of the building. I have listened to this audio tape. During the defendant's interview, the defendant duplicated the voice she claimed to have used when she made the threats. That voice sounded identical to the voice that was tape recorded by the tenants.

                        INSPECTOR MICHAEL ROSSI
                        UNITED STATES MARSHALS SERVICE

SWORN AND SUBSCRIBED BEFORE ME ON THIS _____ DAY OF OCTOBER, 2007.

                        _____
                        U.S. MAGISTRATE JUDGE