IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>LATOYA BRIDGEFORTH     )<br>_____) | Cr. No. 07-319 (RWR) |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Latoya Bridgeforth, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32.[1]  Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Bridgeforth respectfully asks the Court to sentence her to a period of time served, to be followed by two years of supervised release.  Ms. Bridgeforth needs treatment to overcome her emotional and psychological problems.  A longer period of incarceration would do nothing to address the root of her actions and would further none of the purposes of sentencing beyond the infliction of additional punishment.

### BACKGROUND

On November 20, 2007, Ms. Bridgeforth was charged, in a one-count information, with Maliciously Conveying False Information, in violation of 18 U.S.C. § 844(e)..

On November 30, 2007, Ms. Bridgeforth pled guilty to the charge pursuant to a written plea agreement.

---

[1] In conjunction with this sentencing memorandum, Ms. Bridgeforth is submitting a medical evaluation under seal.

## DISCUSSION

**I.      THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>  (B) to afford adequate deterrence to criminal conduct;
>
>  (C) to protect the public from further crimes of the defendant; and
>
>  (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.  UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. BRIDGEFORTH SHOULD RECEIVE A SENTENCE OF TIME SERVED.**

A.  Statutory Provisions

Pursuant to the applicable statutes, the maximum term of imprisonment is ten years for this Class C Felony. 18 U.S.C. § 844(e).

### B. Advisory Sentencing Guidelines

*(I). Applicable Guideline Range*

The Probation Office, consulting the 2007 edition of the Guidelines Manual, has concluded that the Total Offense Level in this case is 15 and that Ms. Bridgeforth's criminal history category is III, resulting in an advisory Guideline range of 24-30 months

### C. Other Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

The crime to which Ms. Bridgeforth pled guilty is a serious one. While nobody was injured either physically or emotionally by her acts, the numerous phone calls caused disruption at a time when sensibilities regarding national security-related threats are particularly high. Though Ms. Bridgeforth could not articulate what caused her to make the false threats, her psychiatric evaluation shed light on what may have motivated her.

Obviously, Ms. Bridgeforth must face the consequences of her actions. Nonetheless, she does ask the Court to consider the fact that the false threats were just that–false and unsupported. Ms. Bridgeforth never intended to hurt anyone through her conduct.

*II. Characteristics of the Defendant*

As set forth in the Presentence Investigation Report (hereinafter "PSR") and mental health evaluation, Ms. Bridgeforth is a cooperative and gentle woman who nonetheless suffers from severe emotional challenges. While counsel will rely on the written medical report in connection with this portion of her memorandum, she notes that the characteristics of the defendant militate strongly in favor of a sentence of time-served coupled with intensive treatment and counseling. Prolonged incarceration is not what Ms. Bridgeforth needs at this juncture. The sentence she has served to date is already significantly longer than any she has served previously. In that sense, her experience at the Central Treatment Facility has served both a deterrent and a punitive function. Furthermore, because she committed the instant offense while on probation, she likely will face additional time behind bars after she completes her current sentence.

*III. Needs of the Community and Public*

For the reasons stated in Section II, a sentence of incarceration longer than time served is simply not necessary to protect the community and public. Ms. Bridgeforth is arguably more a danger to herself than to the public; what she needs is intensive and individualized treatment. Counseling and treatment are what will protect Ms. Bridgeforth from herself and ensure the community is not inconvenienced or threatened.  Ms. Bridgeforth has demonstrated a lack of judgment that stems from the host of issues addressed in her evaluation.  The community will benefit when Ms. Bridgeforth addresses the underlying issues which have led to her mistakes and poor judgment.  She is young, a mother, and still has promise to lead a fulfilling life. A prolonged period of incarceration–and separation from her family and children–will be more likely to set her back rather than enable her to be a confident, productive, member of society. The sentence Ms. Bridgeforth has served to date is, as noted above, longer than the previous sentences imposed upon her.  A longer sentence would further none of the purposes of sentencing besides punishment.

## **CONCLUSION**

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Ms. Bridgeforth asks the Court to sentence her to a period of incarceration of time served..

A longer sentence of imprisonment is unnecessary to fulfill either a deterrent or a rehabilitative purpose.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

/s/
_____
Lara G. Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ex.126